UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEOPHUS ANDERSON and
GWENDOLYN ANDERSON,

       Plaintiffs,

vs.

       Case No. 05-CV-70255
       HON. GEORGE CARAM STEEH

CITY OF MONROE, JOHN B. MICHRINA,
CHAD TOLSTEDT, and KENT JEPPESEN,

       Defendants.

_____/

### ORDER GRANTING DEFENDANTS CITY OF MONROE'S AND JOHN MICHRINA'S MOTION FOR SUMMARY JUDGMENT (#29) AND DENYING CITY OF MONROE'S AMD MICHRINA'S MOTION FOR ADJOURNMENT OF TRIAL AS MOOT (#32)

Defendants City of Monroe and Monroe Police Chief John Michrina move for summary judgment of plaintiffs Cleophus and Gwendolyn Andersons' 42 U.S.C. § 1983 constitutional claims of unreasonable search and seizure, deprivation of due process of law, use of excessive force, and denial of equal protection of the law based on race, as well as state law claims of violations of the Michigan Constitution. Defendants Monroe and Michrina also move to adjourn the scheduled August 29, 2006 trial date. A hearing was held on July 6, 2006. For the reasons set forth below, defendants Monroe's and Michrina's motion for summary judgment will be GRANTED, and their motion to adjourn trial will be DENIED as MOOT.

**I. Background**

Cleophus Anderson ("Anderson") and his wife Gwendolyn of Louisiana filed a complaint on January 25, 2005 alleging Anderson was driving in Monroe, Michigan on November 13, 2003 at 12:10 a.m. talking on his cell phone with Gwendolyn when he was stopped by two City of Monroe Police vehicles operated by defendants Officers Chad Tolstedt and Kent Jeppesen.  Anderson alleges he immediately exited his vehicle with his cell phone plainly visible in his right hand, and that he stood with the passenger door open.  Anderson alleges he asked the Officers why he had been stopped, and both Officers reacted by drawing their handguns and pointed them at him.  Anderson alleges he was instructed to reenter his car, but before he could reenter, he was "physically accosted" by the Officers and placed in handcuffs, with Officer Jeppesen fracturing Anderson's left arm.  Anderson was allegedly searched and placed in the rear of a police car where he was told by Officer Tolstedt that he had been stopped because of the beads hanging on Anderson's rearview mirror.  While Anderson was being detained, Officer Tolstedt allegedly commented that Anderson was "ignorant" and sarcastically stated "you've been victimized," while Officer Jeppesen allegedly asked if Anderson was complaining of "driving while black." Notwithstanding that a canine search of Anderson's car and the immediate area did not reveal the presence of any drugs or other illegal contraband, a third Monroe City Police Officer allegedly told Officer Tolstedt in front of Anderson that drugs known as "51" had been found.  Anderson was eventually released, and was not charged with any crime or cited for the beads hanging from his mirror.  Anderson alleges four § 1983 claims: (1) unreasonable search and seizure; (2) deprivation of due process of law; (3) use of excessive force; and (4) violation of the Equal Protection Clause based on his African-American race.   Plaintiffs also allege state law claims of violations of the Michigan

Constitution, and assault and battery claims against Officer Tolstedt and Officer Jeppesen. Defendants City of Monroe and Monroe Chief of Police Michrina move for summary judgment of plaintiffs' claims. Plaintiffs have proffered a DVD of the incident, compiling videos filmed from several patrol cars.

## II. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences arising therefrom must be construed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence.

Anderson, 477 U.S. at 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### III. Police Chief Michrina in his Individual Capacity

Individual liability as a supervisor attaches as a consequence of his own unconstitutional behavior.  Davenport v. Simmons, 192 F.Supp.2d 812, 822 (W.D. Tenn. 2001).  Section 1983 liability therefore cannot be imposed solely on the basis of respondeat superior liability.  Taylor v. Mich. Dept. of Corr., 69 F.3d 76, 81 (6th Cir. 1995) (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984)).  Rather, the plaintiff must show "that the supervisor encouraged the specific incident of misconduct or in some way directly participated in it."  Sova v. City of Mt. Pleasant, 142 F.3d 898, 904 (6th Cir. 1998) (quoting Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727 (6th Cir. 1996), and citing Bellamy, 729 F.2d at 421).  Plaintiffs must prove that Chief Michrina "at least implicitly authorized, approved, or knowingly acquiesced in the [alleged] unconstitutional conduct" of Officer Tolstedt and Officer Jeppesen.  Id. at 81-82 (quoting Bellamy, 729 F.2d at 421, and Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992)).

Plaintiffs have failed to come forward with evidence that Police Chief Michrina encouraged or directly participated in Anderson's stop and detainment in the early morning hours of November 13, 2003.  Michrina was neither present at the scene nor in communication with Officers Tolstedt or Jeppesen during the incident.  Plaintiffs' argument that Chief Michrina may be held individually liable for failing to properly discipline the Officers after the fact is not well taken absent evidence that Michrina had a history prior to November 13, 2003 of failing to discipline his officers for unconstitutional conduct.

See Lillard, 76 F.3d at 728; (holding that a supervisor's knowledge of some arguably unlawful incidents is insufficient to establish individual liability in the absence of evidence that the supervisor encouraged or directly participated in the misconduct). The record does not support a finding that Michrina abandoned his specific duties as Police Chief in the face of actual knowledge of a breakdown in the proper workings of his department concerning a substantial risk of serious harm to a particular class of persons. See Taylor, 69 F.3d at 81-82 (quoting Hill, 962 F.2d at 1213). Michrina is entitled to summary judgment of plaintiffs' § 1983 claims of individual liability as a matter of law. Amway, 323 F.3d at 390. The court need not address the issue of qualified immunity in reaching this conclusion.

### IV. Police Chief Michrina in his Official Capacity and City of Monroe

§ 1983 claims alleged against a city official acting in his official capacity are treated as an action alleged against the municipality itself. Barber v. City of Salem, 953 F.2d 232, 237 (1992). Plaintiffs must prove that Officer Tolstedt's and Officer Jeppesen's treatment of Anderson was the product of an unconstitutional policy, custom, or practice of "deliberate indifference" to the plaintiffs' constitutional rights. See Oklahoma v. Brown, 520 U.S. 397, 403-404 (1997) (citing Canton v. Harris, 489 U.S. 378, 389 (1989) and Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978)). A municipality may not be held liable under § 1983 unless its deliberate action was the "moving force" behind the plaintiff's deprivation of federal rights. Id. at 404. "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Brown, 520 U.S. at 405 (citing Canton, 489 U.S. at 391-392). A municipality may be held liable for a failure to train or supervise if the municipality was put on notice that

a program did not prevent constitutional deprivations yet continued to take the same approach in deliberate indifference to continuing constitutional violations, that is, a continuous pattern of tortious conduct as opposed to an officer being involved in a single tortious event.  Id. at 408.  A single incident may support a finding of "deliberate indifference" on proof that a "highly predictable consequence" resulted from the officer's obvious lack of specific tools to handle a situation arising from the municipality's deliberate indifference to train.  Id. at 409, 410.  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983."  Canton, 489 U.S. at 391.  In the context of an alleged failure to discipline, the applicable "deliberate indifference" standard requires "a showing of a history of widespread abuse that has been ignored by the City."  Berry v. City of Detroit, 25 F.3d 1342, 1354 (6th Cir. 1994) (citing Canton, 489 U.S. at 397 (O'Connor, J., concurring in part and dissenting in part)).  Any alleged policy of inaction "must reflect some degree of fault before it may be considered a policy upon which § 1983 liability may be based."  Garretson v. City of Madison Hgts, 407 F.3d 789, 796 (6th Cir. 2005).

To support their allegations of unconstitutional policies, customs, or practices, plaintiffs rely on: (1) the video-tape of Anderson's November 13, 2003 incident; (2) Chief Michrina's attested concerns with only the Officers' failure to fill out a "Use of Force" form, failure to leave the recording microphones on at all times, and the Officers' mocking of Anderson; (3) a lack of disciplinary action taken against Officers Tolstedt and Jeppesen for the November 13, 2003 incident; (4) Officer Tolstedt's receipt of the 2003 Monroe "Officer of the Year" award; (5) Michrina's testimony that he was unaware of any policy, custom, or practice of stopping motorists for objects hanging from their rearview mirror as a pretext

for searching for drugs, and would find such to be improper; and (6) a comparison of City of Monroe 2000 census data with Monroe December 2000 through January 2003 arrest data indicating that, while 5% of Monroe's population is African-American, 4 out of 25 drivers sited by Monroe Police Officers for "vision obstruction," or 16%, were African-American.

Plaintiffs' statistical evidence fails to raise a reliable inference of a policy, custom, or practice of selective enforcement based on race, which requires proof that a challenged enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose. Farm Labor Organizing Committee v. Ohio State Highway Patrol, 308 F.3d 523, 533-534 (6th Cir. 2002). Of its many shortcomings, the statistics relied upon by plaintiffs assume without factual basis that all 25 drivers cited for "vision obstruction" were Monroe residents[1], and that the Monroe population data directly correlates with Monroe driving-age population data. Such unreliable statistics are insufficient to prove a prima facie case. United States v. Avery, 137 F.3d 343, 357 (6th Cir. 1997). See also Berry, 25 F.3d at 1354-55 (recognizing that lack of evidence underlying raw-data incidents failed to raise inference of consistent pattern of constitutional violations).

Without reliable statistical evidence, plaintiffs' proffered evidence of unconstitutional policies, customs, and practices is limited to the single incident of Anderson's stop and detainment on November 13, 2003, consisting of the video-taped stop itself, Michrina's lack

---

[1] By way of illustration, the court notes that, had Anderson been cited for "vision obstruction" and included in the plaintiffs' statistical analysis, the percentage of African-American drivers cited would have risen to 19.2 %, and would have been erroneously compared to the 5% African-American population of Monroe in that Anderson is a resident of Louisiana.

of concern regarding alleged constitution violations, a failure to adequately discipline Officers Tolstedt and Jeppesen for the incident, Officer Tolstedt's receipt of the 2003 "Officer of the Year" award, and Michrina's testimony that it would be improper to use a "vison obstruction" violation as a pretext for stopping a vehicle to search for drugs.  This evidence does not raise a legitimate inference that the City of Monroe or Chief Michrina were on notice prior to November 13, 2003 that their training and disciplinary programs caused a continuous pattern of constitutional deprivations to which City of Monroe and Chief Michrina were deliberately indifferent.  Brown, 520 U.S. at 408.  Nor does the evidence allow a reasonable inference that the November 13, 2003 incident was a "highly predictable consequence" resulting from an obvious lack of training.  Id. at 409, 410.  Plaintiffs have not proffered evidence of a history of widespread abuse ignored by City of Monroe or Michrina.  Berry, 25 F.3d at 1354.  A reasonable jury could not conclude on this record that a City of Monroe policy, custom, or practice was the "moving force" behind the constitutional violations allegedly committed by Officer Tolstedt and Officer Jeppesen. Brown, 520 U.S. at 403-404; Garretson, 407 F.3d at 796; Amway, 323 F.3d at 390.

Plaintiffs' request for additional time under Eastern District of Michigan Local Rule 7.1(f) to file a supplemental report to be prepared by an unnamed "police practices expert" is not well taken.  At the July 6, 2006 hearing, plaintiffs' Counsel represented that the "police practices expert" was expected to review City of Monroe's written policies and opine as to their sufficiency in preventing constitutional violations.  While the unnamed expert could render a factual opinion, assuming a properly laid foundation, he could not testify that lax written discipline policies indicated that the City of Monroe was deliberately indifferent to protecting constitutional rights.  See Berry, 25 F.3d at 1353.  On this factual record, a

supplemental report filed by plaintiffs' "police practices expert" regarding the sufficiency of Monroe's written policies would not generate a material factual dispute precluding entry of summary judgment in favor of City of Monroe and Chief Michrina. McLean, 224 F.3d at 800.

### V. Michigan Constitutional Claims

Where other avenues of relief exist such as § 1983, there is no other damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee. HRSS, Inc. v. Wayne County Treasurer, 279 F.Supp.2d 846, 851 (E.D. Mich. 2003) (quoting Jones v. Powell, 462 Mich. 329, 426, 612 N.W.2d 423 (2000)). Plaintiffs cannot recover on their claims of violations of Michigan's Constitution as a matter of law. Id. City of Monroe and Michrina are entitled to summary judgment of plaintiffs' claims of violations of the Michigan Constitution. Amway, 323 F.3d at 390.

### VI. Motion to Adjourn Trial

Defense Counsel for City of Monroe and Chief Michrina moved to adjourn the scheduled August 29, 2006 trial date for reasons personal to Counsel. With entry of this Order, defendants City of Monroe and Chief Michrina will be dismissed from this lawsuit. Consequently, Counsel's request for an adjournment of trial will be rendered moot with the dismissal of all claims alleged against his clients.

### VII. Conclusion

Defendants City of Monroe's and Monroe Police Chief John Michrina's motion for summary judgment is hereby GRANTED. Plaintiffs Cleophus and Gwendolyn Andersons' state and federal constitutional claims alleged against City of Monroe and Michrina ONLY are hereby DISMISSED with prejudice in their entirety. Defendants Monroe's and

Michrina's motion to adjourn trial is hereby DENIED as MOOT.

      SO ORDERED.

                              s/George Caram Steeh  
                              GEORGE CARAM STEEH  
                              UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 24, 2006, by electronic and/or ordinary mail.

                              s/Josephine Chaffee  
                              Secretary/Deputy Clerk